Bellovin & Karnas, P.C.
Matthew David Karnas, Esq.
Arizona State Bar No. 013728
131 East Broadway Blvd.
Tucson, AZ 85701
(520) 571-9700
karnas@bellovinkarnas.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE INTEGRATED SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. ___________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Complaint against Defendant Mobile Integrated Solutions, LLC ("Defendant" or "MIS") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement

of Plaintiff's United States Patent No. 6,542,077 entitled "*Monitoring Apparatus for a Vehicle and/or a Premises*" (the "'077 Patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 7,397,363 entitled "*Control and/or Monitoring Apparatus and Method*" (the "'363 Patent"; a copy of which is attached hereto as Exhibit B) (collectively, "the Patents-in-Suit"). Plaintiff is the owner of the Patents-In-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. JCMS is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers (Westchester County), New York, 10703. Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, MIS is a corporation duly organized and existing under the laws of the State of Arizona since July 23, 2009 and has its principal place of business located at 3951 East Maplewood Street, Gilbert, AZ

85297. Upon information and belief, MIS may be served through its Chief Executive Officer and Agent, John Wesley Filleman, at 3951 East Maplewood Street, Gilbert, AZ 85297.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Arizona and in the District of Arizona; Defendant has purposefully availed itself of the privileges of conducting business in the State of Arizona and in the District of Arizona; Defendant has sought protection and benefit from the laws of the State of Arizona; Defendant regularly conducts business within the State of Arizona and within the District of Arizona, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Arizona and in the District of Arizona.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United

States, the State of Arizona, and the District of Arizona. Upon information and belief, Defendant has committed patent infringement in the State of Arizona and in the District of Arizona. Defendant solicits customers in the State of Arizona and in the District of Arizona. Defendant has many paying customers who are residents of the State of Arizona and the District of Arizona and who use Defendant's products and services in the State of Arizona and in the District of Arizona.

7. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office to Mr. Raymond A. Joao after full and fair examination. Mr. Joao assigned all rights, title and interest in and to the Patents-in-Suit to JCMS, giving JCMS the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the Patents-in-Suit, and the right to sublicense the Patents-in-Suit, collect damages and initiate lawsuits against the Defendant.

9. Upon information and belief, Defendant has had actual knowledge of the specification and issued claims of the Patents-in-Suit since, at the very latest, the date of service of this Complaint.

10. On information and belief, Defendant owns, operates, advertises, implements, and controls its websites, www.mobilinc.com and www.mobilincstore.com (either directly or through a third-party), as well as hardware, functionality modules and/or programming modules to support its products and services. In addition to providing information about Defendant's products and services, including how to obtain them, these websites provide support to Defendant's customers by providing access to user guides, instructional videos, and instruction manuals to assist customers in installing and using Defendant's products and services.

11. On information and belief, Defendant offers its customers products and services that infringe the Patents-in-Suit, including but not limited to: MIS' home control and monitoring devices and systems, offered under the names "MobiLinc," "MobiLinc Connect," "MobiLinc Home," "MobiLinc HD," "MobiLinc Pro," "Orchestrated MobiLinc," "MobiLinc Lite," "MobiLinc Cam Viewer", as well as others, consisting of various combinations of controls and sensors (i.e., light switches, video cameras, motion detectors, water detectors, ceiling fan controllers, on/off modules for controlling appliances and lamps, thermostats, etc.) which are operated and controlled through remote access via interactive cellular and broadband connections via the MobiLinc Connect cloud-

based computing platform and MobiLinc apps for iOS and Android devices (hereinafter, the "Accused Products and Services").

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,542,077**

12. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

13. The '077 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicles and/or premises using at least three devices. A Certificate of Correction was issued on July 1, 2003. Plaintiff is the owner of the '077 Patent, and possesses all substantive rights and rights of recovery under the '077 Patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

14. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '077 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '077 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems and methods which are comprised of three devices that constitute a monitoring apparatus, including but not limited to the Accused

Products and Services. The monitoring apparatus and methods used by Defendant consists of a ISY Series Controller, located at a premises, the MobiLinc Connect cloud-based computing platform, located remote from the premises, and a user's iOS or Android device running a MobiLinc application at a location remote from both the premises and the Server. Defendant also makes, uses, provides, and/or imports, directly or through intermediaries, in this district and elsewhere in the United States, various security and monitoring devices, such as IP cameras, motion detectors, etc., for home monitoring and security that communicate with the ISY Series Controller at the premises. One of the monitoring devices that communicate with the ISY-994i controller is an INSTEON Water Leak Sensor. The ISY Series Controller monitors and detects an event regarding a state of disrepair of a premises device (e.g., a defective washing machine) based on signals from the INSTEON Water Leak Sensor. When an event occurs, the ISY Series Controller sends a signal to the MobiLinc Connect cloud-based computing platform, located remote from the premises, which in turn sends a signal to a user's iOS or Android device running a MobiLinc application at a location remote from both the MobiLinc Connect cloud-based computing platform and from the premises, which in turn displays information regarding the event. Infringing conduct regarding this apparatus and its attendant functions and method take place in this district and

elsewhere in the United States, enabled by and accessed through Defendant's websites, the MobiLinc Connect cloud-based computing platform, and/or MobiLinc applications running on an iOS or Android devices.

15. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '077 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '077 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems in a manner which infringes the '077 Patent. Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services. Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '077 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's websites including user guides, manuals, and tutorials. Defendant

knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

16. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or claims of the '077 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Defendant has had knowledge of the '077 Patent as early as the day this Complaint was served on Defendant. Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '077 Patent and, therefore, are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant's sole purpose of business and business revenues stem from sales of the Accused Products and Services which are solely geared towards remote monitoring and control apparatuses and remote monitoring and control methods. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the

Accused Products and Services in such a way that infringes the ‘077 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, through information available on Defendant’s websites, including user guides, manuals, and tutorials.

17. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

18. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Defendant’s infringement of Plaintiff’s rights under the ’077 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,397,363

20. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

21. The ’363 Patent was duly and legally issued by the United States Patent and Trademark Office on July 8, 2008, after full and fair examination. Plaintiff is the owner of the ’363 Patent and possesses all substantive rights and

rights of recovery under the ’363 Patent, including the right to sue for infringement and recover past damages.

22. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the ’363 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the ’363 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems and methods which are comprised of three devices that constitute an apparatus, including but not limited to the Accused Products and Services. The apparatus used by Defendant consists of an ISY Series Controller, located at a premises, the MobiLinc Connect cloud-based computing platform, located remote from the premises, and a user’s iOS or Android device running a MobiLinc application at a location remote from both the premises and the Server. The user’s iOS or Android device running a MobiLinc application, remote from a premises, sends a signal over the Internet to the MobiLinc Connect cloud-based computing platform, located remotely from the premises. If that signal is deemed authorized via proper credentials, a different signal is then sent to the ISY Series Controller from the MobiLinc Connect cloud-based computing platform, which activates an associated premise device, such as light switches, ceiling fan

controllers, on/off modules for controlling appliances and lamps, thermostats, etc. Infringing conduct regarding this apparatus and its attendant functions and method take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's websites, the MobiLinc Connect cloud-based computing platform, and/or MobiLinc applications running on an iOS or Android devices.

23. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '363 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods in a manner which infringes the '363 Patent. Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services. Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '363 Patent by, at a minimum, providing

and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's websites, including user guides, manuals, and tutorials. Defendant knew that its actions, including, but not limited to any of the aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

24. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Defendant has had knowledge of the '363 Patent as early as the day this Complaint was served on Defendant. Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '363 Patent and, therefore, are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant's sole purpose of business and business revenues stem from sales of the Accused Products and Services

which are solely geared towards remote monitoring and control apparatuses and remote monitoring and control methods. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the ‘363 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, through information available on Defendant’s websites, including user guides, manuals, and tutorials.

25. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

26. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27. Defendant’s infringement of Plaintiff’s rights under the ’363 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

28. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C. An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit;

D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patents-in-Suit;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G. Any further relief that this Court deems just and proper.

Respectfully submitted December 5, 2014.

**Attorneys for Plaintiff Joao Control & Monitoring Systems, LLC**

*/s/ Matthew David Karnas, Esq.*____
Matthew David Karnas, Esq.
BELLOVIN & KARNAS, P.C.
131 East Broadway Blvd.
Tucson, AZ 85701
(520) 571-9700
karnas@bellovinkarnas.com

OF COUNSEL

Steven W. Ritcheson, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

Rene A. Vazquez, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
NEW ADDRESS
Telephone:
Facsimile: (205) 327-9114
Email: rvazquez@hgdlawfirm.com

Dara T. Jeffries, *Pro Hac Vice Anticipated*
Joseph J. Gleason, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Telephone: (404) 996-0867, 0862
Facsimile: (205) 547-5515, 5518
Email: djeffries@hgdlawfirm.com
Email: jgleason@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com